UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE CASTRO, <br> **Plaintiff** <br><br> V. <br><br> OFFICER KIMBERLY KORY <br><br> OFFICER MICHAEL THORNTON <br><br> DETECTIVE CARL KERAWALLA <br><br> OFFICER SHAWN KING <br><br> AND <br><br> UNKNOWN SAN ANTONIO POLICE OFFICER(S) <br> **Defendants** | CASE NO.: 5:20-CV-1022 |

## COMPLAINT

NOW COMES JOSE CASTRO, Plaintiff, and files this Complaint, alleging that Defendants Officer Kimberly Kory, Officer Michael Thornton, Detective Carl Kerawalla, Officer Shawn King, and any unknown San Antonio Police Officers violated Jose Castro's federal constitutional rights. In support of such allegations, Jose Castro would show the Court as follows:

1

## I. JURISDICTION AND VENUE

1. This complaint arises under the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

2. This complaint is brought pursuant to 42 U.S.C. §1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Venue is proper in this judicial Court pursuant to 28 U.S.C. §1391, as the acts complained of arose in this district.

4. Venue is also proper in the San Antonio Division of the Western District of Texas since the conduct complained of herein occurred within Bexar County, which is within the geographical area assigned to the Western District of Texas, San Antonio Division.

## II. PARTIES

6. At all times relevant to the incident at issue in this complaint, Plaintiff Jose Castro has present within the jurisdiction of this court.

7. At all times herein mentioned, Defendant Officer Kimberly Kory was employed by the San Antonio Police Department, and was acting under color of state law and as the employee, agent, or representative of the San Antonio Police Department. This Defendant is being sued in

her individual capacity. Defendant may be served with process at the San Antonio Police Department Headquarters, 315 S Santa Rosa Ave, San Antonio, TX 78207.

8.    At all times herein mentioned, Defendant Officer Michael Thornton was employed by the San Antonio Police Department, and was acting under color of state law and as the employee, agent, or representative of the San Antonio Police Department. This Defendant is being sued in his individual capacity. Defendant may be served with process at the San Antonio Police Department Headquarters, 315 S Santa Rosa Ave, San Antonio, TX 78207.

9.     At all times herein mentioned, Defendant Officer Shawn King was employed by the San Antonio Police Department, and was acting under color of state law and as the employee, agent, or representative of the San Antonio Police Department. This Defendant is being sued in his individual capacity. Defendant may be served with process at the San Antonio Police Department Headquarters, 315 S Santa Rosa Ave, San Antonio, TX 78207.

10.   At all times herein mentioned, Detective Carl Kerawalla was employed by the San Antonio Police Department, and was acting under color of state law and as the employee, agent, or representative of the San Antonio Police Department. This Defendant is being sued in his individual capacity. Defendant may be served with process at the San Antonio Police Department Headquarters, 315 S Santa Rosa Ave, San Antonio, TX 78207.

11.   At all times herein mentioned, the unknown San Antonio Police Officer(s) were employed by the San Antonio Police Department, and was acting under color of state law and as the employee, agent, or representative of the San Antonio Police Department. This Defendant is being sued in his individual capacity. Defendant may be served with process at the San Antonio Police Department Headquarters, 315 S Santa Rosa Ave, San Antonio, TX 78207.

### III. STATEMENT OF FACTS

10.     After a long drive from Dallas in the early morning hours, on or about August 30, 2018, Jose Castro, a 50 year old pastor, stopped in a lot, on the N.W. side of San Antonio, Texas, to take a short nap before completing his delivery of supplies to various Veterinarian Hospitals located in San Antonio, Texas.

11.     Sometime before dawn on or about August 30, 2018, Jose was startled by the abrupt yelling and screaming of individuals in the dark, telling him to get out of the vehicle. Jose Castor was disoriented, frightened, he believed he was being attacked, and was in fear for his life, so he immediately grabbed his cell phone and dialed 911 requesting police assistance.

12.     At some point in time Mr. Castro realized that people yelling at him were wearing what appeared to be police uniforms and had guns pointed at him. Since Jose Castro was only sleeping in a rental box truck that was legally in his possession, he could not comprehend what justification the people had to point a deadly weapon at him. Mr. Castro believed that the people wearing the police uniforms were going to shoot him, and he frantically communicate this fear, which can be heard on Jose Castro's 911 call.

13.     Mr. Castro tells the 911 operator he does not "know what kind of police" are confronting him, and pleads with the 911 operator to send "the police" to his location. Jose Castro communicated to the people yelling at him that he is calling the police, and the person yelling at him can be heard stating they are the police, to which Jose responds "you are not the police" because he is talking to the police on the phone.  Mr. Castro responds to the people yelling at him "you're crazy" for pointing a gun at him at him, because he is doing nothing. The 911 operator injects in the exchange between Jose Castro and the unknown people yelling at

him and instructs Jose to talk to her.

14. At no time during the 911 call, which was produced through request by counsel, can the 911 operator be heard informing Jose Castro that is in fact law enforcement at his location.

15. At some point in time during the interaction between Jose and San Antonio Police Department (herein after SAPD) officer(s), Mr. Castro was physically assaulted while inside cab of the box truck by Defendant(s). Jose Castro was then jerked out of his box truck and violently thrown to the ground and physically assaulted, prior to being handcuffed by Defendant(s).

16. While lying on the ground, handcuffed, with one SAPD officer's foot on his head, other SAPD officer(s) beat and kicked Mr. Castro.

17. At no time while Mr. Jose Castro was handcuffed did he undertake an act to flee, and/or injure, and/or resist the SAPD officer(s). Jose Castro posed no threat to the SAPD officer(s) as he was lying on the ground handcuffed.

18. When other law enforcement officers began to arrive on scene, the SAPD officer who had their foot on Mr. Castro's head removed it and told the other officers to stop kicking and beating Mr. Castro.

19. After the other law enforcement arrived, Jose Castro was placed in the back of a SAPD vehicle. While Jose Castro was in back of the police car, the SAPD officer(s), without consent of Jose Castro and without obtaining a search warrant, search the interior cab of the box truck. The SAPD officer(s), without consent of Jose Castro and without obtaining a search warrant, unlocked and opened the rear cargo area of box truck that Jose Castro was driving. The SAPD officer(s) thoroughly searched the rear cargo area of the box truck.

20. After finding no illicit items in the box truck Jose Castro was driving, an SAPD officer called an "on duty" Bexar County Assistant District Attorney, inquiring into charging Jose

Castro with a crime. After an SAPD officer recited their side of the story of the events to the unknown Assistant District Attorney, the unknown Assistant District Attorney advised the SAPD officer that they "did not have probable cause" to charge Jose Castro for a crime.

21. Approximately two (2) hours after being handcuffed Jose Castro was released by the SAPD officers, without being charged with a crime.

22. Jose Castro then went to a local hospital to be checked out for his injuries sustained in the aforementioned incident.

23. By reason of the above-described acts of the SAPD officer(s) Jose Castro has sustained injuries including but not limited to his head, neck, back, knees, face, and wrist. Jose Castro has experienced physical pain, physical discomfort, physical impairment, and other economic losses. Jose Castro has also experienced mental and emotional distress directly resulting from the aforementioned incident with the SAPD officer(s). The SAPD officer(s)' aforementioned conduct was shocking and willfully indifferent to Joe Castro's rights and with conscious awareness that their actions would cause Jose Castro severe physical and emotional injuries.

24. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Jose Castro's rights and justify the awarding of exemplary and punitive damages against the individual Defendants in an amount to be ascertained according to proof at the time of trial.

25. By reason of the above-described acts of Defendants, Plaintiff was required to retain attorneys to institute, prosecute, and render legal assistance to him in the instant action so that he might be vindicate for the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant(s) of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

## IV. COUNT 1

### JOSE CASTRO AGAINST DEFENDANT(S) FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

26. Plaintiff hereby incorporates and re-alleges the foregoing paragraphs and subsequent paragraphs.

27. By reason of the conduct and of the Defendant(s), Plaintiff was deprived of his rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

28. Any reasonable well-trained police officer should have known of these rights at the time of the conduct underlying this lawsuit. Defendant(s)' use of force on Plaintiff on or about August 30, 2018 was without cause and was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth and Fourteenth Amendment Rights. All of the force described above was without legal cause and constituted excessive force. Therefore, Defendant(s) are liable to Jose Castro for damages and attorney fees, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

## V. COUNT 2

### JOSE CASTRO AGAINST DEFENDANT(S) FOR UNREASONABLE SEIZURE OF PLANTIFF'S PERSON IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

29. Plaintiff hereby incorporates and re-alleges the foregoing paragraphs and subsequent paragraphs.

30. By reason of the conduct the Defendant(s), Plaintiff was deprived of his rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder.

31.     The seizure of Jose Castro on August 30, 2018 was caused by Defendant(s) and was done without legal cause, was unnecessary, and was unreasonable and therefore in violation of Plaintiff's Fourth and Fourteenth Amendment Rights. All of the conduct above was without legal cause and constituted unreasonable seizure. Therefore, the Defendant(s) are liable to Jose Castro for damages and attorney fees, for this unlawful seizure under 42 U.S.C. § 1983 and 42 U.S.C. §1988.

## VI. COUNT 3

### JOSE CASTRO AGAINST DEFENDANT(S) FOR UNREASONABLE SEARCH OF PLANTIFF'S PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

32.     Plaintiff hereby incorporates and re-alleges the foregoing paragraphs and subsequent paragraphs.

33.     At the time that the unknown Defendant(s) searched the cab and the cargo area of the box truck Joe Castro was lawfully in possession of, Jose Castro was handcuffed and sitting in a SAPD vehicle.  At the time the aforementioned searches took place by the unknown Defendant(s), Jose Castro did not have immediate access to the cab and/or locked cargo area of the box truck.

34.     At no time during the incident described above, was the box truck Jose Castro was lawfully in possession of ever impounded.

35.     Jose Castro had a reasonable expectation of privacy in a shut and lock cargo area of a box truck and inside the cab of said box truck.

36.     The unknown Defendant(s) conducted the aforementioned unreasonable search without

a search warrant and without probable cause to believe that evidence of a crime is present. All of the conduct above was without legal cause and constituted unreasonable search. Therefore, the unknown Defendant(s) are liable to Jose Castro for damages and attorney fees, for this unlawful search under 42 U.S.C. § 1983 and 42 U.S.C. §1988.

## VII. <u>COUNT 4</u>

### JOSE CASTRO AGAINST DEFENDANT(S) FOR FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

49.	Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

50.	Defendant(s) witnessed Defendant(s) violating Jose Castor's rights under the Fourth and Fourteenth Amendment and failed to stop these violations.

51.	The courts have found that officers have a duty "to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988).

52.	By reason of Defendant(s) failure to ascertain the reason why Defendant(s) were seizing Jose Castro and failing to intervene in an unlawful use of force and unlawful search of the box truck, Jose Castro was deprived of his Fourth and Fourteenth Amendment rights under the Constitution of the United States. Defendant(s) failure to intervene was also unreasonable and was therefore in violation of Jose Castro's Fourth and Fourteenth Amendment Rights. All of the force used and the search(s) described above was without legal cause and constituted excessive force and unreasonable search(s). Therefore, Defendant is liable to Jose Castro for

damages and attorney fees, under 42 U.S.C. §1983 and 42 U.S.C. §1988.

## VIII. COUNT 5

### COMPLAINT FOR DAMAGES

37. Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

38. Plaintiff has suffered the following injuries arising out of the counts set forth in this complaint to include: Deprivation of Constitutional Rights, Medical Bills, Pain and Suffering, Mental Anguish, and Attorney Fees.

39. The Defendants actions were the legal cause of the Plaintiff's injuries. Jose Castro seeks all actual, consequential, direct, special, and exemplary damages deemed to be attributable to the Defendants. Awarding such other and further relief as this Court deems fit, just, proper and equitable.

## XII. COUNT 6

### DEMAND FOR ATTORNEY FEES

40. Plaintiff hereby incorporates and re-alleges the foregoing paragraphs, subsequent paragraphs, and exhibits.

41. In their legitimate desire to pursue the rights and privileges guaranteed by the Constitution and laws of the United States, the Plaintiff has employed the undersigned to prosecute this action and have agreed to pay a reasonable fee for same, which fees and costs should be awarded to Plaintiffs pursuant to 42 U.S.C. §1988.

## XIII. JURY DEMAND

42.     Plaintiff demands trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jose Castro requests that:

Defendants be cited to appear and answer, and on final trial, Plaintiff have:

a. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, humiliation, inconvenience, mental anguish, and other non-pecuniary losses;

b. Judgment against Defendants for actual damages;

c. Punitive and exemplary damages as may be awarded by the trier of fact;

d. Costs, including reasonable and necessary attorney's fees, as well as expert fees;

e. Pre-judgment and post-judgment interest as allowed by law; and

f. Any other and further relief as this Court deems fit, just, proper and equitable.

Respectfully submitted,

By: _____

Brian A. Jones
**The Jones Law Firm**
P.O. Box 100897
San Antonio, Texas 78201
Phone:(210) 978-2559
Fax:(210) 485-2461
Texas Bar No. 24101974
Email: Brian@TheJonesLawFirm-Tx.com

_____

Paul Jones
**The Jones Law Firm**
P.O. Box 100897
San Antonio, Texas 78201
Phone:(210) 978-2559
Fax:(210) 485-2461
Texas Bar No. 24046175
Email: Paul@TheJonesLawFirm-Tx.com

_____

Rod Khavari
**Khavari & Moghadassi, Attorneys at Law PC**
3000 Keller Springs Road, Suite 200
Carrollton, Texas 75006
Phone: (972) 225-4444
Fax: (972) 225-4445
Texas Bar No. 24060090
Email: rodk@dfwlawgroup.com
**ATTORNEYS FOR PLAINTIFF**