IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE CASTRO, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-01022-XR |
| | § | |
| vs. | § | |
| | § | |
| KIMBERLY KORY, MICHAEL | § | |
| THORNTON, CARL KERAWALLA, | § | |
| SHAWN KING,  UNKNOWN SAN | § | |
| ANTONIO POLICE OFFICER(S), | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Before the Court in the above-styled cause of action is Defendant Officers Kory, Thornton, Kerawalla and King's Amended Motion to Quash and Protective Order [#24], which was referred to the undersigned for disposition on April 29, 2021.  On May 21, 2021, the Court held a hearing on the motion via videoconference, at which counsel for all parties appeared. After considering Defendant's motion, Plaintiff's response [#26], the parties' Joint Advisory [#28], the arguments of counsel at the hearing, and the governing law, the Court will deny the motion.

This case arises under 42 U.S.C. § 1983 and concerns an incident involving the use of force by officers of the San Antonio Police Department ("SAPD").  Plaintiff Jose Castro sues Officers Kimberly Kory, Michael Thornton, Carl Kerawalla, and Shawn King, in their individual capacities only, for violations of the Fourth Amendment.  According to Plaintiff, he was sleeping in the early morning hours of August 30, 2018, in a parked Enterprise truck he rented to make deliveries of supplies to various veterinary hospitals located in San Antonio.  Plaintiff, who has only a limited command of the English language, claims he was awakened to the screams, drawn

weapons, and shining lights of Defendants, and believed he was being attacked or robbed, rather than confronted by police officers.  Plaintiff alleges, despite the fact that he committed no crime and there was no probable cause for his seizure or arrest, he was forcefully removed from his vehicle, punched and kicked, handcuffed, and pinned to the ground while his vehicle and personal property were searched by Defendants and a K-9 unit.  After being handcuffed for almost two hours, Plaintiff was released by Defendants without being charged with a crime.  Plaintiff claims he suffered physical injuries to his head, neck, back, face, and wrist and emotional and mental distress resulting from the incident.   Plaintiff's Second Amended Complaint, which is the live pleading in this action, asserts causes of action for excessive force, unreasonable seizure of his person and property, and failure to intervene/unreasonable prolonging of the incident.

Plaintiff issued a subpoena to SAPD, which is not a party to this suit, requesting documents and electronically stored information ("ESI") related to Defendants' personnel files, prior offenses and investigations involving Defendants regarding the use of force, as well as SAPD and Texas Commission on Law Enforcement ("TCOLE") training materials.  Defendants have moved to quash the subpoena as to six document requests.

Rule 45 provides that a subpoena may be served on a non-party requiring that person to, among other things, produce designated documents in their possession.  Fed. R. Civ. P. 45(a). Rule 45(d) allows for the filing of a motion to quash such a subpoena.  The court must quash or modify a subpoena that subjects a person to undue burden.  *Id.* at 45(d)(3).  Defendants have moved to quash the subpoena as to six of the requested categories of documents, arguing the subpoena imposes an undue burden on SAPD and seeks categories of documents that are not

relevant and proportional to the needs of this case and exceed the scope of permissible discovery under Federal Rule of Civil Procedure 26(b).

Prior to the hearing, the parties conferred on their dispute as ordered by the Court and were able to reach a resolution as to the majority of the outstanding issues as follows:

As to **Request No. 9,** which seeks Defendants' employee files, the parties agreed that Defendants' files as maintained pursuant to Tex. Loc. Gov't Code § 143.089(a), i.e., those files containing record of misconduct resulting in disciplinary action, will be produced.  The parties agreed that Defendants' files as maintained pursuant to Tex. Loc. Gov't Code § 143.089(g), i.e., those files containing record of allegations of misconduct not resulting in discipline or finding disciplinary action was taken without just cause, will be produced for *in camera* inspection by the Court.  As stated on the record at the hearing, the Court will review the § 143.089(g) file for documents related to the subjects that form the basis of Plaintiff's complaint (e.g., a pattern of allegations of misconduct involving the use of force, warrantless searches, probable cause for arrest, reasonable suspicion, conducting investigations, use of weapons, de-escalation, detainment, canine searches, use of emergency lights, and communications where there is a language barrier).

As to **Request No. 11**, which seeks any SAPD Form #62-UOF (the form each officer is required to complete documenting the use of force) completed by Defendants.  The parties agreed that these documents will be produced limited to five years prior to the date of the incident underlying this suit.

As to **Request No. 21**, which seeks documents related to reviews, assessments, complaints, investigations, reprimands, and disciplinary actions relating to Defendants, the parties agreed that responsive documents will be produced for *in camera* inspection by the Court.

The Court will review the production for documents related to the subjects that form the basis of Plaintiff's complaint, as set forth as to Request No. 9.

As to **Request No. 24**, which seeks documents relating to TCOLE and other educational and personal history information for Defendants, the parties agreed Defendants' Social Security numbers, address, and telephone number shall be redacted. Subject to these redactions, Defendants indicated they have withdrawn their objections.

The parties were unable to resolve their dispute as to **Request Nos. 10 and 27**. Request No. 10 seeks documents involving training, education, and certification of Defendants relating to the subjects of the use of force, warrantless searches, probable cause for arrest, and reasonable suspicion. Request No. 27 seeks any and all documents related to the training of Defendants not previously produced. The Court will order the documents produced (with certain modifications) and will deny the motion to quash.

Plaintiff argues that Defendants lack standing to move to quash the subpoena to SAPD, a third party, because they lack a privacy interest in the documents at issue. Indeed, to have standing to challenge a third-party subpoena, the party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784–85 (S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Defendants have neither here. But discovery from a third party as permitted through a subpoena issued under Rule 45 is subject to the same general limitations on discovery set forth in Rule 26. Rule 26 requires that discovery be both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants, even if unable to advance the argument of undue burden on SAPD's behalf, may move to quash the subpoena based on the limits imposed by Rule 26(b).

Defendants contend that the training materials regarding the use of force within SAPD, as well as the specific trainings received by Defendants that pertain to the subject matter of Plaintiff's suit, are not relevant and proportional to the needs of this case because Plaintiffs have been sued in their individual capacities alone and the qualified immunity inquiry focuses on an objective reasonableness standard, not the subjective perspective of the officers.  The training materials may ultimately not be admissible at trial in this case, but the Court rejects Defendants' argument that the training materials are irrelevant and disproportionate to the Fourth Amendment issues raised in Plaintiff's lawsuit.  What specific guidance Defendants may have received about how to conduct themselves in situations like the one at issue in this case and whether the conduct of Defendants (as alleged by Plaintiff) departed from the standards set forth in the training materials they received as officers with SAPD are both relevant to the allegations of unlawful arrest, search, and excessive force at issue and proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b).

The Court will, however, limit the production to 10 years prior to the date of the Court's hearing and to training materials related to those topics set forth herein with respect to Request Nos. 9 and 21.  Finally, the Court will only require the production of training materials (whether in document form or electronic form), not other ESI pertaining to training materials, such as e-mail correspondence.

At Defendants' request, the Court will, by separate order, enter the Western District of Texas's standard confidentiality and protective order.  Defendants may designate any of the produced documents as confidential as set forth in the protective order.  SAPD will have two weeks from the date of this Order to produce the documents to the parties.

**IT IS THEREFORE ORDERED** that Defendant Officers Kory, Thornton, Kerawalla and King's Amended Motion to Quash and Protective Order [#24] is **DENIED**.  SAPD is to produce the subpoenaed documents as set forth herein.  The Court will issue a standard confidentiality and protective order, and an order regarding the documents to be submitted for the Court's *in camera* review will be issued after receipt of said documents.

SIGNED this 24th day of May, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE